UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARY MCCLEOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. : |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, D/B/A AMTRAK | ) **CV413-057** |
| NATIONAL PASSENGER CORP. | ) |
| (AMTRAK), | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW MARY MCCLEOD, the Plaintiff, and files this her Complaint against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK NATIONAL PASSENGER CORP. (AMTRAK), as follows:

### LOCAL RULE 7.1.1 CERTIFICATE OF INTERESTED PERSONS

Pursuant to Local Rule 7.1.1 of this Court, the undersigned counsel of record for Plaintiff Mary McCleod certifies that the following is a full and complete list of the parties in this action:

1. Mary McCleod, Plaintiff

2. National Railway Passenger Corporation, d/b/a Amtrak National Passenger Corp. (Amtrak), Defendant

The undersigned further certifies that the following is a full and complete list of officers, directors, trustees of the above-identified parties:

NAME

1. Not applicable as to Plaintiff

1

2    As to National Railway Passenger Corporation, d/b/a Amtrak National Passenger Corp. (Amtrak), Defendant, said railroad and common carrier is established pursuant to the laws of the United States. Officers and directors known to Plaintiff, based upon information and belief, are as follows:

Mr. Joseph H. Boardman, Amtrak President and CEO

Mr. Thomas C. Carper, Chairman of the Board

Board Members:

Mr. Christopher R. Beall

Ms. Yvonne Brathwaite Burke

Mr. Anthony R. Coscia

Mr. Albert DiClemente

The Honorable Ray LaHood, U. S. Secretary of Transportation

Mr. Jeffrey R. Moreland

Ms. Nancy A. Naples, Vice Chairman of the Board

Mr. Joseph Szabo

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

NAME                IDENTIFICATION, RELATIONSHIP, INTERESTS

2

None known to Plaintiff

## VENUE AND JURISDICTION

1.      The Plaintiff Mary McCleod, is and at all times herein mentioned has been, a resident of Savannah, Chatham County, Georgia.

2.      Defendant National Railroad Passenger Corporation, d/b/a Amtrak National Passenger Corp. (Amtrak), is a railroad and common carrier established pursuant to the laws of the United States, with its principal office being in the District of Columbia.

3.      Said Defendant National Railroad Passenger Corporation, d/b/a Amtrak National Passenger Corp. (Amtrak), (hereinafter referred to as "Amtrak"), maintains an office and place of doing business, passenger terminal, and employees in Savannah, Chatham County, Georgia.   Further, the intended destination of the trip in question was Savannah, Chatham County, Georgia, as set forth on the ticket purchased by the Plaintiff in Washington, D.C., for Plaintiff's trip from Washington to Savannah, on the Amtrak train.

4.      Said Defendant National Railroad Passenger Corporation, d/b/a Amtrak, is subject to the jurisdiction of this Court.

5.      Plaintiff brings the claims as referenced above *in personam*, said claims being based upon diversity jurisdiction.   The amount in dispute between the Plaintiff and said Defendant, is in excess of $100,000, exclusive of interest and costs in accordance with § 1332 of Title 28, United States Code, there being complete diversity between the Plaintiff and the *in personam* Defendant.   This action is also brought pursuant to the enforcement of certain federal acts, the Americans With Disabilities Act

and the Rehabilitation Act , against a railroad established pursuant to federal law and act of Congress and which receives federal funds. 28 U.S.C. § 1331,1343 and 1367(a).

## ALLEGATIONS

6.     On or about March 8, 2011, Plaintiff was a fare-paying passenger on an Amtrak train which was being operated from Washington, D.C., en route to its destination in Savannah, Chatham County, Georgia.

7.     Plaintiff, at the time, was 75 years of age and had pre-existing difficulty in negotiating steps and ambulation due to knee pain and arthritis.   She also suffered some degree of incontinence.

8.     Said difficulties constituted a physical impairment substantially limiting one or more major life activities.

9.     Plaintiff had, prior to that date, traveled on an Amtrak train from her home in Savannah, Georgia, to her daughter's home just outside Washington, D.C.   The trip in question was the return trip to Savannah from the Washington, D.C., area.

10.     Plaintiff was returning home to Savannah on the said Amtrak train as referenced above after having left Washington, D.C., at approximately 8:00 p.m. on March 8, 2011, due to arrive in Savannah sometime after 8:00 a.m. on March 9, 2011.

11.     When the ticket for the return leg of the trip was purchased, the Plaintiff, through her daughter, had explained to the Amtrak employee specifically that Plaintiff was elderly, had a disability secondary to certain medical conditions and special needs in regard to stair climbing and ambulation, and informed the employee that it was necessary that she make frequent trips to a restroom.

4

12.    Plaintiff was assured by said employee, through her daughter, that Plaintiff Mary McCleod would be provided a seat in a car designated for handicapped passengers and which was equipped to seat handicapped and disabled travelers. Plaintiff was led to believe that the car would have available hand rails at various strategic locations, accessible seating near a restroom, and which would generally allow for easy and safe access for handicapped individuals.

13.    Upon Plaintiff's arrival on March 8, 2011, at the Amtrak station in Washington, she was in line, along with a number of other customers, at the Amtrak counter.

14.    While at the counter, Plaintiff was informed that the train was about to depart, whereupon the Amtrak employee behind the counter summoned a porter to bring a wheelchair for the Plaintiff as she had reiterated the fact that she needed special assistance in regard to her disability, specifically in regard to walking and climbing into the train car.

15.    The porter thereupon rolled the Plaintiff in the wheelchair to the foot of a set of steps leading up to a train car, and assisted her up the steps.   He also handled her luggage and escorted her to a seat in the railcar.

16.    Neither the Amtrak employee at the counter, nor the porter, informed Plaintiff or provided Plaintiff with warnings or information in regard to what to do if she needed to walk from her seat to the restroom.   Specifically, she was not informed as to how to call or request assistance, nor was she informed that she could do so.   Further, she was not informed that the car in which she was placed was not specially equipped

5

to handle disabled or handicapped passengers.

17.    After leaving Washington and commencing the trip, according to Plaintiff's best recollection, sometime after midnight and into the early morning hours of March 9, 2011, Plaintiff determined that she needed to leave her seat to go to the restroom which was located some distance from the seat in an area devoid of handrails.

18.    There was no attendant in the car and no assistance was available, so Plaintiff attempted to walk, unassisted, to the restroom.

19.    When Plaintiff arrived at the restroom in that car, she found that the restroom was occupied and she would have to wait.

20.    Plaintiff then turned to go to a second restroom which was nearby.

21.    However, as Plaintiff turned toward the other restroom, the car bumped or lurched, causing Plaintiff to lose her balance and fall to the floor.

22.    In that car, at that location, there were no available hand rails to grab to prevent her from falling.

23.    Upon Plaintiff falling, as referenced above, she was seriously injured.

24.    Specifically, Plaintiff fractured her right femur near the hip, struck her head sustaining a concussion, aggravated a pre-existing condition in her neck, right arm, and low back, and also sustained other injuries and complications which will be established through the evidence at trial.

25.    As a result of the fracture sustained in the fall, Plaintiff was required to be taken by ambulance from the train to the nearest trauma center, which was located at Wake Med in Raleigh, North Carolina, where she underwent emergency surgery on March 9, 2011, and Plaintiff later sustained a blood clot and other complications

secondary to her injuries.   She was hospitalized there, and later in Savannah, for a
period of time.

26.     Plaintiff was informed that the train was in North Carolina, near Raleigh,
when she was caused to fall and was injured.

## COMMON LAW NEGLIGENCE CLAIM ASSERTED UNDER STATE LAW

27.     At all times herein mentioned, Defendant Amtrak, by and through its
employees, was negligent and negligent *per se* in failing to provide Plaintiff with
reasonably safe accommodations so as to allow her to ambulate unassisted to the
restroom through the use of hand rails and the like.   Said Defendant was also negligent
in failing to provide Plaintiff with a handicapped-accessible car or handicapped-
accessible accommodations, including an accessible restroom, in failing to inform the
Plaintiff that assistance was available should she need same upon attempting to
ambulate to the restroom, in failing to inform Plaintiff how to summon such assistance,
and in failing to seat the Plaintiff in a properly outfitted railcar in accordance with
accessibility requirements of the Americans With Disabilities Act, and in other ways
which will be established through the evidence at trial.

## AMERICANS WITH DISABILITIES ACT (ADA) AND THE
## REHABILITATION ACT (RA)

28.     Plaintiff further asserts a claim for discrimination against Defendant in
violation of 42 U.S.C. §§ 12101 et seq. and 122161 et seq., the claim falling under Title
II, Part B, subpart 2, II, and Title IV of the Americans with Disabilities Act, which
prohibits discrimination by companies engaged in inter-city and commuter rail service
and which specifically includes transportation provided by Amtrak.   Section 12161(3).

7

29.    42 U.S.C. § 120131(1)(c) and 12132(2009) also prohibit the exclusion of disabled individuals from services, programs, or activities of a public entity and from discriminating or subjecting such individuals to discrimination by such entity.

30.    Similarly, the Rehabilitation Act (RA) generally prohibits exclusion of disabled persons, such as the Plaintiff in this case, due to disability from activities or programs receiving federal funds.   29 U.S.C. § 794.

31.    Plaintiff shows that she was a qualified individual with a disability, that Amtrak denied her use of a designated or otherwise handicapped-accessible car, or otherwise discriminated against her, which discrimination was by reason and due to her disability, all in violation of said statutes as referenced.

32.    Plaintiff was damaged and injured secondary to said denial of said services and usage of said car, all to Plaintiff's injury and damage as otherwise set forth in this action.

## CAUSATION AND DAMAGES

33.    Plaintiff shows that as a direct and proximate result of the negligence, wrongful acts, and discrimination of the Defendant, she has incurred, and will continue into the future to incur, general and special damages.

34.    Said Plaintiff shows that as a proximate result of the aforementioned negligence, wrongful acts, and discrimination, she has suffered and will continue into the future to suffer from a diminished capacity to work and labor.

35.    Said Plaintiff shows that as a direct and proximate result of the aforementioned injury she has endured, is presently enduring, and will continue into the future to endure, physical and mental pain and suffering.

36.    Since the date of the injury, Plaintiff has incurred large sums in medical bills and expenses, which bills and expenses are continuing.

WHEREFORE, Plaintiff demands trial by jury as to all claims asserted against the Defendant and judgment against the Defendant as follows:

a.    Plaintiff demands judgment against Defendant Amtrak in an amount in excess of one hundred thousand dollars ($100,000.00) exclusive of interest and costs, including a claim for general damages, including disability, loss of function, physical and mental pain and suffering, past and future, medical expenses, past and future, in an amount to be established through the evidence at trial;

b.    All costs of the within action; and

c.    Such other and further relief as the Court may deem just and proper.

Dated this 6th day of March, 2013.

JONES, BOYKIN & ASSOCIATES, P.C.


By: s/ Noble L. Boykin,
NOBLE L. BOYKIN, JR.
Georgia State Bar Number 073400
Attorney for Plaintiff Mary McCleod

9